**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **RACHELLE CLARK** | : |
| Plaintiff, | : |
| And | : |
| **UNITED HEALTHCARE c/o OPTUM, INC.** | : |
| | : **Civil Action No.:** 21-cv-395 |
| Subrogated Plaintiff, | : |
| v. | : |
| **THE SHERWIN-WILLIAMS COMPANY and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,** | : |
| Defendants. | : |

## NOTICE OF REMOVAL

Defendant The Sherwin-Williams Company ("Sherwin-Williams") under 28 U.S.C. §§ 1332, 1441, and 1446, hereby files their Notice of Removal of this case from the Circuit Court of Rock County, Wisconsin, to the United States District Court for the Western District of Wisconsin. As grounds for removal, Sherwin-Williams states:

## INTRODUCTION

1. On May 12, 2021, Plaintiff filed a Complaint ("Complaint") in the Rock County Circuit Court, Wisconsin, in an action entitled *Rachelle Clark, et al. v. The Sherwin-Williams Company, et al.,* Case No. 2021CV000298. A copy of the state court pleadings, including the Complaint, is attached hereto as Exhibit A.

2. Plaintiff seeks damages as a result of injuries she allegedly sustained on Sherwin-Williams' premises. *See* Compl. at ¶¶ 7-16. More specifically, the Complaint alleges that Plaintiff slipped and fell on built up ice in the parking lot, and, as a result, suffered injuries to her knees, back, and face. *See id.* at 12-16.

## THE NOTICE OF REMOVAL IS TIMELY

3. Plaintiff filed her Complaint on May 12, 2021. *See* Compl. Sherwin-Williams was served with a copy of the Complaint on May 17, 2021. Accordingly, removal is timely because this Notice of Removal is being filed within thirty (30) days of service on the last served defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based and, in any event, within one year of the commencement of this action as required by 28 U.S.C. § 1446(b). No previous application for removal has been made.

## BASIS FOR SUBJECT-MATTER JURISDICTION IN THIS COURT

### I. The Requisite Diversity of Citizenship is Satisfied.

4. As explained in further detail below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship between Plaintiff, Subrogated Plaintiff and each of the Defendants exists, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Upon information and belief, Plaintiff is, and at the time of the filing of the Complaint was, a citizen and resident of the State of Wisconsin. *See* Compl. at ¶ 1.

6. It is well-established that a corporation's principal place of business for diversity purposes is "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). In addition to being the location where a corporation directs, controls and coordinates activities, a corporation's "nerve center" is also, generally, the location where executives and decision-makers meet and report to work. *See, e.g., Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 344 and 355 (3d Cir. 2013) (aff'g the District Court's finding that "GSK Holdings has its principal place of business in Wilmington, Delaware, where its board of directors manages its investment" and "engages in substantive decision-making during its meetings"); *Aizen v. Am. Healthcare Admin. Servs., Inc*, 2019 WL 4686811, at *5 (D.N.J. Sept. 26, 2019) ("One key consideration is where the president or chief executive officer reports to work.").

7. Upon information and belief, Optum, Inc. ("Optum") is a Delaware corporation with its corporate headquarters located in Eden Prairie, Minnesota. For purposes of diversity, Optum, Inc. is a citizen of Minnesota under 28 U.S.C. § 1332(c)(1).

8. The Sherwin-Williams Company is organized under the laws of the State of Ohio, is registered to do business with the Ohio Secretary of State, and maintains its corporate headquarters in Cleveland, Ohio.

9. For these reasons, Defendant The Sherwin-Williams Company is, and at the time of the filing of this action was, an Ohio corporation with its principal place of business in Ohio. It is therefore a citizen of Ohio under 28 U.S.C. § 1332(c)(1).

10. Upon information and belief, Sedgwick Claims Management Services, Inc. ("Sedgwick") is a Delaware corporation with its headquarters located in Memphis, Tennessee. For purposes of diversity, Sedgwick is a citizen of Tennessee under 28 U.S.C. § 1332(c)(1).

11. Complete diversity of citizenship exists among Plaintiff, Subrogated Plaintiff, and the Defendants under 28 U.S.C. § 1332(a). Further, no Defendant is a citizen of Wisconsin, the forum state, and therefore 28 U.S.C. § 1441(b)(2) does not bar removal.

## II.   **The Requisite Amount in Controversy Is Satisfied.**

12. The diversity jurisdiction statute requires an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). For removal purposes, the amount in controversy is satisfied. 28 U.S.C. § 1446(c)(2)(B).

13. In determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Mitchell v. Cole*, 35 F.R.D. 115, 116 (W.D. Wis. 1964) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). Alternatively, where the specific amount in controversy is not plead in the complaint, "a good faith estimate of the stakes is acceptable if it is plausible and supported by the preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *see also Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006) (stating amount in controversy met when there is a showing of "reasonable probability" that amount at stake for either party exceeds $75,000).

14. Filed simultaneously with Plaintiff's Complaint was Plaintiff's Offer of Settlement, in which she offers to settle all claims for $228,694.87. She provides no basis for that figure, but the representation in the form of an initial settlement offer indisputably establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Accordingly, the jurisdictional amount as required for original jurisdiction in this Court under 28 U.S.C. § 1332(b) is satisfied.

## **PROCEDURAL REQUIREMENTS**

15. Sherwin-Williams will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice with the Rock County Circuit Court, as required by 28 U.S.C. § 1446(d).

16. Co-Defendant Sedgwick has consented to this removal.

17. The United States District Court for the Western District of Wisconsin is the district court for the United States for the district and division embracing the place where the action is pending.

18. If any question arises as to the propriety of the removal of this action, Sherwin-Williams requests the opportunity to brief any disputed issues and to present oral argument in support of their position that this action is properly removable.

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Sherwin-Williams' right to assert any defense or affirmative matter, including, without limitation, the defenses of (a) lack of jurisdiction over the person; (b) improper venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims

and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party(ies); (h) lack of standing; or (i) any other procedural or substantive defense available under state or federal law.

20. Sherwin-Williams reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, the Sherwin-Williams respectfully requests that this cause be removed from the Circuit Court of Rock County, Wisconsin, to the United States District Court for Western District of Wisconsin, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and that this Court grant all other appropriate relief.

Dated this 16th day of June, 2021.

BELL, MOORE & RICHTER, S.C.

*/s/ Ann C. Emmerich*_____
Ann C. Emmerich, State Bar No. 1018014
Attorneys for Defendant The Sherwin-Williams Company

Address:
345 West Washington Avenue, Suite 302
Madison, WI 53703
Office:  608-257-3764
Fax:  608-257-3757
E-Mail:  aemmerich@bmrlawyers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing *Notice of Removal* using the Court's CM/ECF system on this 16th day of June, 2021 and have served the same upon the following by electronic mail:

Attorney Paul Benson
Paul Benson Law Firm, LLC
20 E Milwaukee Street, Suite 104-B
Janesville, WI 53545-3069
pmb@paulbensonlawfirm.com
Attorneys for Plaintiff, Rachelle Clark

BELL, MOORE & RICHTER, S.C.

*/s/ Amy Gundlach*_____
Amy Gundlach, Legal Assistant to Attorney Ann C. Emmerich, State Bar No. 1018014

Address:
345 West Washington Avenue, Suite 302
Madison, WI 53703
Office:  608-257-3764
Fax:  608-257-3757
E-Mail:  aemmerich@bmrlawyers.com